Peter J. Strauss, Cincinnati, Ohio, for plaintiff.

James W. Halloran, Cincinnati, Ohio, for defendant.

**In re KUEMPEL COMPANY, Debtor.**

**KUEMPEL COMPANY, Plaintiff,**

**v.**

**DUGAN & MEYERS CONSTRUCTION COMPANY, INC., Defendant.**

Adv. No. 1–83–0071.
Related Case No. 1–80–00406.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 2, 1983.

## ORDER ON MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, Chapter 11 debtor, filed a complaint which it denominated one for an order directing "turn over" of property. In the first claim, there is reference to a contract between the parties pursuant to which plaintiff performed labor and furnished materials in connection with a Bloomington Indiana project for which defendant was the general contractor. The first claim includes additional recitations regarding performance of the work and seeks the recovery by plaintiff of a retainage allegedly due plaintiff which has not been paid though due. The second claim of the complaint also relates to the same contract as in the first claim and is for certain back charges. Again, the third claim refers to the same contract as in the first

claim and seeks compensation for certain services rendered beyond the contract. The fourth claim is for damages connected with the performance of the same contract. (An amended complaint was subsequently filed, the scope of which is generally the same as that encompassed with the recitation just completed).

Defendant moved to dismiss on the ground that this court lacks jurisdiction of the subject matter, relying upon *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). After considering the respective memoranda of the parties, we have concluded that the motion must be overruled.

Defendant is correct and the conferring of jurisdiction upon this court by 28 U.S.C. § 1471(c) was held unconstitutional in the *Northern Pipeline* case. Our jurisdiction, however, depends not on that statute but upon the order entered December 23, 1982 by the District Court for the Southern District of Ohio entitled In re Operation of the Bankruptcy Court System. The conclusion we reach follows directly from the proposition accepted by defendant, that the "present proceeding is clearly a 'related proceeding' as defined in Rule d(3)(A)."

In *White Motor Corp. v. Citibank, N.A. et al.* 704 F.2d 254, Case No. 82–3638, 6th Circuit, decided and filed April 1, 1983, the Sixth Circuit interpreted the *Northern Pipeline* case. It there concluded that District Courts have ongoing jurisdiction to adjudicate bankruptcy proceedings notwithstanding *Northern Pipeline.* (p. 261). Further, at 263 the court said:

> The thrust of the Northern Pipeline holding is that peripheral, non-traditional bankruptcy issues such as claims by the bankrupt against non-creditors cannot be adjudicated by a non-Art. III judge. The interim rule responds to this deficiency in several ways. First, the bankruptcy judges may not issue binding judgments in "related" proceedings. In these cases, the bankruptcy judges are limited to submitting findings of fact and proposed rulings which must be reviewed de novo

by the district court whether or not an appeal has been taken by the parties. See Rule (e)(2)(A)(iii). This contrasts dramatically with the practice under the 1978 Act of having appellate review—applying the clearly erroneous standard—by the district court only upon the motion of a party. The bankruptcy courts perform a function similar to a magistrate or special master in cases which are only peripherally related to the bankrupt estate.

> Second, the referees under the Chandler Act and the bankruptcy judges after the 1973 Amendments have adjudicated traditional bankruptcy matters including claims against the estate without constitutional challenge for over a century. The Supreme Court, nevertheless, withdrew the bankruptcy judges' jurisdiction to do so under § 1471(c) when it declared the jurisdictional grants non-severable. In response to this holding, the interim rule institutes several protective changes in the procedures for the adjudication of all bankruptcy cases, "related" and traditional. The district courts have specific authority to revoke the referral of any case to the bankruptcy court upon the district court's own motion or upon the request of a party for any reason. Thus, the district courts can ensure that the parties receive a just resolution of bankruptcy cases within the limitations established by Art. III.

> Third, even in traditional bankruptcy cases, the district courts may hold a hearing and receive evidence in cases first adjudicated by the bankruptcy court. The district court need give no deference to the bankruptcy judge's factual findings or interpretations of the law. The district court may modify, in whole or in part, any order or judgment issued by the bankruptcy judge. See Rule (e)(2)(B).

> We believe that the powers reserved by the district courts in the interim rule satisfy the Supreme Court's concern that Art. III courts adjudicate bankruptcy cases. The constitutional rights of the

parties to a bankruptcy proceeding are not violated when the bankruptcy courts with derivative jurisdiction assist the district courts.

Thus, the Sixth Circuit has held the Order of the district court upon which our further consideration of this adversary depends, constitutional. The mechanism embodied in that Order provides that the adversary proceeding remain before us within the limitations there provided.

Defendant's motion is denied. Defendant will plead in conformity with the requirements of Bankruptcy Rule 712.

SO ORDERED.